Opinion issued June 5, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00321-CR






PETER R. WOOD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law

Washington County, Texas

Trial Court Cause No. 05-554






DISSENTING OPINION

 I respectfully dissent. I agree with the majority that the introduction of
appellant's prior conviction at the guilt-innocence phase of appellant's trial was error. 
However, I would find that the evidence of appellant's guilt was overwhelming and
that the jury could have found beyond a reasonable doubt, on the basis of the
evidence adduced at trial, that appellant was driving while intoxicated, without
consideration of the prior conviction. Therefore, because appellant's prior conviction
for DWI was admissible at the punishment phase under article 36.01(a)(1) of the
Texas Code of Criminal Procedure (1) and because I believe only appellant's
punishment was affected by the premature introduction of the evidence of appellant's
prior conviction, I would hold that appellant has not shown that the result of his trial
would have been different but for his counsel's error. Therefore, he has not satisfied
the second prong of Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984).

 I would hold that appellant's trial counsel was not ineffective for failing to
object to the State's introduction of evidence of appellant's prior DWI conviction
during the guilt-innocence phase. I would affirm the judgment of the trial court.


 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Justice Keyes, dissenting.

Publish. Tex. R. App. P. 47.2(b).
1. See Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon 2007).